IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| THERON HALL, | ) | Civil No. 04-921-JE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| MULTNOMAH COUNTY, a county of the State of Oregon, BERNIE GIUSTO, Sheriff of Multnomah County, and STEVEN NICHOLSON, Corrections Officer, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

    Theron Hall
    SID #669904
    1120 S.W. Third Avenue
    Portland, OR 97204
        Plaintiff Pro Se

    Agnes Sowle, County Attorney
    Michelle A. Bellia
    Asst. County Attorney
    501 S.E. Hawthorne Boulevard, Suite 500
    Portland, OR 97214
        Attorney for Defendant

JELDERKS, Magistrate Judge:

FINDINGS AND RECOMMENDATION - 1

Pro se prisoner plaintiff Theron Hall brings this action against defendants Multnomah County; Bernie Giusto, Sheriff of Multnomah County; and Steven Nicholson, Multnomah County corrections officer. Plaintiff brings claims for civil rights violations and state law battery.

Defendants move to dismiss, contending that plaintiff failed to exhaust his administrative remedies. Because plaintiff contended that he did exhaust his remedies but did not possess the documents needed to show exhaustion, I gave plaintiff additional time to obtain and submit the documents. Plaintiff has now submitted the documents, but they do not show that plaintiff exhausted his administrative remedies. I recommend granting defendants' motion to dismiss without prejudice.

## BACKGROUND

Plaintiff alleges that while in custody at the Multnomah County Detention Center on February 6, 2004, he fought with another inmate. He alleges that

> after the [fight] was over I was being detained by one deputy. I did everything he told me to do, when back up came they told me to roll over and put my hands behind my back[.] I did as told after my right hand was cuffed deputy Nicholson took it upon himself to strike me with a close[d] fist . . . and from the force of the blow he knock[ed] out my upper tooth which resulted in . . . transporting me to OHSU to obtain medical attention.

Compl. at 5.

FINDINGS AND RECOMMENDATION - 2

Plaintiff has now submitted four "Service Request Forms" concerning the incident.  In the first service request form, dated June 1, 2004, plaintiff asks why Nicholson was not held responsible for hitting plaintiff.  The response from a captain, dated June 5, 2004, stated, "The use of force has been reviewed thru the Command Staff and Internal Affairs.  It is unfortunate that you lost a tooth but you chose to fight w/staff and they can use the necessary force to subdue you."

In the second service request form, dated June 7, 2004, plaintiff stated,

> So you are telling me that in your facility you train your deputies to strike people with close fist, I am sitting in jail with serious mouth pains from the damage of a punch from an outraged deputy of yours and you want to try and hide the wrong in that by saying I was trying to fight your staff. I'll see myself what I.A. [presumably Internal Affairs] have to say about that.

The captain's response, dated June 21, 2004, stated, "Feel free to contact I.A.  We do train staff to use superior force if you fight w/us.  This includes focused blows if needed."

In the third service request form submitted by plaintiff, dated June 14, 2004, plaintiff stated that investigators into the incident had received false information, and that plaintiff had truthfully explained what had happened. Plaintiff stated that "when I am done with my investigation the truth will be put out there in the open to show that there is negligent behavior in Multnomah County."  The captain responded on June 21, 2004, stating only, "O.K."

FINDINGS AND RECOMMENDATION - 3

Plaintiff submitted another service request form dated June 24, 2004, seeking a copy of the incident report. The captain responded on June 25, 2004, stating that he would not provide a copy of the report and that plaintiff would need to pay for a copy through an attorney.

Plaintiff submitted a grievance form about the incident. Stoutt Aff., Ex. 4. The grievance form contains a handwritten response, dated June 20, 2004, from staff, stating, "This issue has already been resolved, any further inquiry needs to be resolved by a supervisor." Id. The grievance form includes a space for the inmate to check if the inmate seeks to appeal the grievance. The space is not marked.

Defendants submit a document entitled, "Grievances Submitted by Hall - 669904." Stoutt Aff., Ex. 3. That document lists plaintiff's grievance about Nicholson's alleged conduct, and does not mention any appeal of the grievance by plaintiff.

**STANDARDS**

A prisoner's failure to exhaust nonjudicial remedies, if not jurisdictional, "should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citations omitted). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the

FINDINGS AND RECOMMENDATION - 4

pleadings and decide disputed issues of fact." Id. at 1119-20.

Failure to exhaust nonjudicial remedies is an affirmative defense, which a defendant must raise and prove. Id. at 1117-18. If the plaintiff has failed to exhaust nonjudicial remedies, the court should dismiss the action without prejudice. Id.

## DISCUSSION

A prisoner must exhaust administrative remedies before bringing a civil rights action in this court. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (citing Booth v. Churner, 532 U.S. 731, 741 (2001)); 42 U.S.C. § 1997e(a). Each of the prisoner's claims must be exhausted by appealing it to the highest level of review within the prison grievance system. Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

Here, defendants have shown that plaintiff failed to appeal MCDC's initial response to his grievance. The additional documents submitted by plaintiff are service request forms, none of which could be construed as an appeal from the initial grievance. The grievance form directs inmates to the inmate manual for a description of the requirements for appealing a grievance.[1] There is no evidence

---

[1] The grievance form itself refers inmates to "Inmate Manual Page 10 For the Appeal Process." Stoutt Aff., Ex. 4, at 1. In the excerpt of the 2002 Inmate Manual provided by defendants, the section on the grievance process begins at page 11 of the Manual. This discrepancy is not significant enough to

FINDINGS AND RECOMMENDATION - 5

in the record that plaintiff filed an appeal of the grievance.

Because plaintiff failed to appeal his grievance, he did not exhaust the administrative remedies available to him. Defendants' motion to dismiss should be granted without prejudice.

## CONCLUSION

Defendants' motion to dismiss (#19) should be granted and this action should be dismissed without prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are April 10, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 22nd day of March, 2006.

/s/  John Jelderks
John Jelderks
U.S. Magistrate Judge

---

have prevented plaintiff from determining the procedure to appeal a grievance.

FINDINGS AND RECOMMENDATION - 6